**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2895-24

EZGI BOZ, individually and as
administratrix of the ESTATE OF
SINAN BOZ,

      Plaintiff-Respondent,

v.

TURAN YAVUZ, and BEST MARBLE
& GRANITE, LLC t/a EMPIRE
MARBLE & GRANITE, LLC,

      Defendants,

and

UNITED STATES LIABILITY
INSURANCE COMPANY,

      Defendant-Appellant.

_____

Submitted March 25, 2026 – Decided June 29, 2026

Before Judges Currier and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-0125-24.

Coughlin Midlige & Garland, LLP, attorneys for appellant (Vincent J. Proto, on the briefs).

Cuneo & Leonetti, attorneys for respondent (David K. Cuneo and Alexander J. Kwasny, on the brief).

PER CURIAM

Decedent Sinan Boz and defendant Turan Yavuz were owners and members of defendant Best Marble & Granite, LLC t/a Empire Marble & Granite (Best Marble or Empire), which sold granite and marble products for use in commercial and residential properties. Best Marble was insured by United States Liability Insurance Company (USLI) under a commercial general liability policy. After Boz was fatally injured on Empire's premises, USLI denied coverage to Best Marble and Yavuz, contending Boz was acting as an employee when he was killed, and therefore excluded from coverage under the pertinent policy provision.

In the ensuing declaratory judgment action, the trial court granted plaintiff Ezgi Boz, individually and as administratrix of the Estate of Sinan Boz, summary judgment, finding USLI was required to indemnify Best Marble and Yavuz its $1 million policy limits for the default judgment entered against them. We affirm.

A-2895-24

## I.

In April 2022, Boz and Yavuz were working at the Empire office site when a customer asked to see the back side of a granite slab stored on an outdoor rack. Yavuz was operating the forklift to remove the granite off the rack while Boz stood in front of the slab, manually assisting the maneuver. As the slab was lifted from the rack onto the ground, the lifting clamp released, causing the slab to fall forward onto Boz, fatally injuring him.

Plaintiff filed a complaint alleging negligence against Yavuz and Empire/Best Marble. USLI issued a letter disclaiming any insurance coverage under the primary and excess policies.[1] USLI stated that Yavuz was acting within the course and scope of his employment at the time of the incident, and employees were not insureds for bodily injury caused to an LLC member (Boz). Therefore, Yavuz was not an insured afforded coverage under the policy. USLI denied coverage to Empire because it was not a named insured on the declaration page. After Empire and Yavuz failed to answer the complaint, the court held a proof hearing and entered default judgment in favor of plaintiff in the amount of $2,452,860. Plaintiff subsequently demanded that USLI cover the judgment

---

[1] Plaintiff has not made a claim against the excess policy.

A-2895-24

up to the $1 million policy limit, but USLI denied that it had an obligation to indemnify Empire and Yavuz.

Thereafter, plaintiff filed a complaint for declaratory judgment against Best Marble, Yavuz, and USLI, alleging, in part, that USLI had wrongfully denied Best Marble and Yavuz insurance coverage in contravention of the primary policy. Both parties subsequently moved for summary judgment.

On January 27, 2025, the court granted plaintiff summary judgment, finding USLI was "contractually obligated to indemnify Empire and Yavuz for the [j]udgment arising out of the claims brought . . . by the Estate of Boz that led to Boz's death up to $1 million." A subsequent motion for reconsideration was denied.

## II.

On appeal, USLI contends the court erred in finding coverage was afforded under its policy because Boz was acting as an employee at the time of the accident and the policy exclusion precludes coverage for bodily injuries sustained by an employee during the course of their employment or while performing duties for an insured.

A-2895-24

Our review of a trial court's decision on a motion for summary judgment is de novo.  We apply the same standard used by the trial court.  <u>Samolyk v. Berthe</u>, 251 N.J. 73, 78 (2022).  Under that standard, a court

> review[s] the evidence in the light most favorable to the non-moving party, and . . . enter[s] summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."
>
> [<u>Allen v. Cape May Cnty.</u>, 246 N.J. 275, 288-89 (2021) (quoting <u>R.</u> 4:46-2(c); <u>Brill v. Guardian Life Ins. Co. of Am.</u>, 142 N.J. 520, 528-29 (1995))].

The interpretation of a contract of insurance is a question of law which we review de novo as well.  <u>Merck & Co. v. Ace Am. Ins. Co.</u>, 475 N.J. Super. 420, 433 (App. Div. 2023).

We review a trial judge's decision on whether to grant or deny a motion for reconsideration under <u>Rule</u> 4:49-2 for an abuse of discretion.  <u>Branch v. Cream-O-Land Dairy</u>, 244 N.J. 567, 582 (2021).  "The rule applies when the court's decision represents a clear abuse of discretion based on plainly incorrect reasoning or failure to consider evidence or a good reason for the court to reconsider new information."  Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 2 on <u>R.</u> 4:49-2 (2026).

A-2895-24

The USLI commercial general liability policy required the insurer to pay "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." The named insured was Best Marble & Granite LLC. Section II of the policy, defining an insured, stated that members of an LLC were "also insureds, but only with respect to the conduct of [their] business." It further provided that

> [y]our managers are insureds, but only with respect to their duties as your managers.
>
> . . . .
>
> Each of the following is also an insured:
>
> . . . your managers (if you are a limited liability company), but only for acts within the scope of their employment by [defendant] or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:
>
> (1) "Bodily injury" or "personal and advertising injury":
>
> (a) . . . to your members (if [defendant is] a limited liability company), [or] to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of [defendant's] business. . . .

The policy also contained a Bodily Injury Exclusion, which excludes coverage to the employer for:

6

e. Employer's and Other Liability

> (1) "Bodily injury" to any "employee", "volunteer worker", "temporary worker" or "casual laborer" arising out of or in the course of:
>
> > (a) Employment by any insured or any additional insured; or
> >
> > (b) Performing duties related to the conduct of any insured's or additional insured's business.

There was also documentation submitted that Empire elected not to purchase workers' compensation insurance. The Notice of Election form rejecting the insurance identified Boz and Yavuz as owners and was signed by Boz.

USLI contends Boz was acting as Empire's employee at the time he was injured and, therefore, the bodily injury exclusion provision applied to preclude him coverage. Consequently, USLI asserts it was not obligated to indemnify Empire and Yavuz.

In its January 27, 2025 statement of reasons, the trial court found the policy afforded coverage under Section II to Boz and Yavuz as members of Empire and that their engagement in selling "a granite slab to prospective customers [wa]s consistent with the 'conduct' of Empire's business." The court further stated:

7

The accident that led to Boz's death culminated from a "bodily injury" that was an "occurrence" that took place within the "coverage territory" during the "policy period." Neither Boz, Yavuz, nor Empire had a "reasonable expectation" that the events that led to Boz's death had been excluded. Indeed, the events that resulted in Boz's "bodily injury" were sudden, unforeseen, and not preexisting. Further, there is no dispute that neither Boz nor Yavuz were covered by workers' compensation [insurance].

In addressing USLI's argument that Boz and Yavuz were acting as employees at the time of this incident, the court found the policy "ambiguous," stating "[w]here there is more than one possible interpretation of the policy language, I must utilize the meaning that supports coverage." Flomerfelt v. Cardiello, 202 N.J. 432, 442 (2010).

The court granted plaintiff summary judgment and ordered USLI to indemnify Empire and Yavuz its $1 million policy limits towards the judgment.

"An insurance policy is a contract that will be enforced as written when its terms are clear in order that the expectations of the parties will be fulfilled." Id. at 441. "In considering the meaning of an insurance policy, [courts] interpret the language 'according to its plain and ordinary meaning.'" Ibid. (quoting Voorhees v. Preferred Mut. Ins. Co., 128 N.J. 165, 175 (1992)). If the terms of the policy are ambiguous, they are to be construed "against the insurer and in favor of the insured, in order to give effect to the insured's reasonable

expectations." Ibid. "If the words used in an exclusionary clause are clear and unambiguous, 'a court should not engage in a strained construction to support the imposition of liability.'" Id. at 442 (quoting Longobardi v. Chubb Ins. Co. of N.J., 121 N.J. 530, 537 (1990)). The burden of establishing that an exclusion applies lies with the insurer. Id. at 456. It is well established law that a court will not "write for the insured a better policy of insurance than the one purchased." Walker Rogge, Inc. v. Chelsea Title & Guar. Co., 116 N.J. 517, 529 (1989).

The issue here turns on whether Boz is an "employee" under the terms of the policy, thereby triggering the exclusion provision and relieving USLI of its obligation to indemnify Empire and Yavuz.

In considering the plain language of the policy as our starting point, the terms do not provide a definition of the term "employee." Section V of the policy (Definitions) clarifies that the term "includes a 'leased worker,'" but does not encompass a "temporary worker." Black's Law Dictionary defines an employee as "[s]omeone who works in the service of another person (the employer) under an express or implied contract of hire, under which the employer has the right to control the details of work performance." Black's Law Dictionary 661 (12th ed. 2024). See also Walrond v. Cnty. of Somerset, 382

N.J. Super. 227, 238 (App. Div. 2006) (noting the Workers Compensation Act, N.J.S.A. 34:15-1 to -147, defines "employee" to include "all natural persons, including officers of corporations, who perform service for an employer for financial consideration.").

Applying the plain meaning of "employee" to the facts, Boz does not meet this definition. Boz was one of three owners of Empire. That fact was not disputed. Moreover, evidence submitted to support plaintiff's summary judgment motion demonstrated Boz's ownership interest in Empire and his authority to bind the LLC by acting as its signatory on numerous documents. For example, Boz issued a letter addressed to his employees, outlining Empire's "Early Return-to-Work Program" after the COVID-19 pandemic, accepted an insurance policy renewal proposal on behalf of Empire from an insurer in June 2021, listed himself as the owner of the LLC in the application for the USLI policy, confirming there were no claims against the business. These actions all fall within the scope of authority characteristic of an owner/member of an LLC, not an employee of the business.

Nevertheless, USLI asserts that Boz could hold two designations and that he was acting as an employee at the time of the accident because he was

performing an action typically done "by employees in the usual course of a business."

A review of the policy's exclusion provision does not hinge on the conduct of the injured party at the time of the incident but rather relies on the individual's status within Empire's business structure. Thus, the applicability of the exclusion depends solely on whether the injured party seeking coverage is an employee of Empire.

As established above, Boz was an owner of Empire. The fact that he was performing a task at the time of the accident that could also be performed by a qualified employee does not negate his status as an owner of the business. His designation was not dependent on the specific task he was doing when he was injured.

The trial court found the term "employee" was ambiguous since "there [was] more than one possible interpretation of the policy language." The court properly applied Flomerfelt in which our Court stated that "[i]f the terms are not clear, but instead are ambiguous, they are construed against the insurer and in favor of the insured, in order to give effect to the insured's reasonable expectations." 202 N.J. at 441.

Here, the term "employee" is ambiguous. USLI attempts to broaden the definition to include the owner of an LLC, despite the absence of clear policy language supporting such an interpretation. The policy's definition of "employee" does not state whether an owner or member of an LLC is classified as an employee. Conversely, the policy specifically provides that members and managers of the LLC are insureds. This provision would reasonably lead Empire, Boz, and Yavuz to expect coverage. Given the ambiguity surrounding the term "employee," the trial court correctly interpreted the policy to support coverage, consistent with established case law.

To be clear, we do not state today that a member of an LLC cannot also be an employee of the business. The pertinent provision of the Worker's Compensation Act states that

> members of a limited liability company . . . who actively perform services on behalf of . . . limited liability company . . . shall be deemed an "employee" of the . . . limited liability company . . . for purposes of receipt of benefits and payment of premiums pursuant to this chapter, if . . . limited liability company . . . elects, when the workers' compensation policy of the . . . limited liability company . . . is purchased or renewed, to obtain coverage for the person, [or] . . . the limited liability company members. . . .
>
> [N.J.S.A. 34:15-36.]

The statute allows LLC members to be designated as employees of the LLC for purposes of workers' compensation benefits if the LLC affirmatively elects to purchase coverage for the members. Ibid. However, the statute distinguishes between a "member" and an "employee," permitting a member to be considered an employee only with an election. Ibid. This distinction indicates that, absent an affirmative election, a member will not be considered an employee, at least for purposes of receiving benefits or other protections under the Act. Here, the LLC affirmatively declined and rejected workers' compensation coverage. Moreover, the issue here does not center on a workers' compensation determination but rather plaintiff seeks indemnification coverage for defaulted defendants under the USLI policy as partial payment towards a judgment owed to plaintiff.

We are satisfied the trial court did not err in granting plaintiff summary judgment and ordering USLI to pay its policy limits as Boz was not excluded from coverage under its policy.

Any remaining arguments presented by USLI were not of sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

13